Putnam J.
delivered the opinion of the Court. We admit the rule of law to be as stated by the counsel for the tenant, that persons once in being shall be intended to be still living, f the contrary be not proved. Wilson v. Hodges, 2 East, 312. But we think the demandants have proved the contrary, in *308 relation to the decease of five of the children and heirs of Stephen Kellogg the elder, to whom the demanded premises were laid out in 1734. So that the right of Stephen Kellogg the elder came to Stephen Kellogg the younger, from whose heirs the father of the demandant obtained deeds in 1818.
The evidence was, that Stephen Kellogg the elder was married in 1719, and had six children; and that inquiry has been had where information could be most probably obtained, and no account whatever of five of them could be procured. We think the legal result was such as the jury have found, viz. that they died without lawful issue ; especially as there was no evidence introduced to rebut that evidence on the part of the tenant.
In Cunliff v. Sefton, 2 East, 183, the plaintiffs were bound to prove the execution of a bond. One of the subscribing witnesses had become interested after his signature, and so could not be a witness. But the court permitted the party to prove his handwriting, notwithstanding there was the name of another subscribing witness to the bond. For in regard to the other, the plaintiff proved that inquiry had been made for him at the places where the obligor as well as the obligee lived, and no account of him could be obtained. The case was treated just as if he were not in existence.
And so in the case at bar, the clear result of the whole evidence is, that the right of Stephen Kellogg the elder came to Stephen Kellogg the younger, inasmuch as there has not been any thing heard or known of his five brothers for more than seventy years.

Judgment for the demandants.